**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-08-235-M |
| ) | |
| ANTONIO LAFAYETTE PROCTOR, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant's Motion to Suppress Evidence Derived in Violation of the Fifth Amendment of the Constitution and Brief in Support [docket no. 16], filed October 27, 2008. On November 5, 2008, the government filed its response. On November 10, 2008, the Court conducted a hearing on the motion to suppress.[1] Based upon the parties' submissions, and having heard the evidence presented, the Court makes its determination.

I.   Factual Background[2]

On October 7, 2008, law enforcement officials arrested the defendant on a warrant for arrest, charging him with felon in possession of a firearm and possession of marijuana. During the arrest, the defendant was handcuffed and seated on a curb while waiting to be transported to jail. The defendant requested to speak with McNeil. The defendant asked McNeil "[w]hat is this all about?" McNeil responded the officers were arresting the defendant based on a federal warrant for his arrest, charging him with being a felon in possession of a firearm. The defendant then asked McNeil if all the officers were needed just for his arrest. McNeil responded that he was not going to have another

---

[1] At the hearing, Deputy United States Marshal Charles McNeil ("McNeil") testified.

[2] This factual background is based upon the evidence presented at the hearing.

pursuit like the last time when officers were unable to apprehend the defendant.[3]  The defendant responded, "[n]o man, I'm done with all that.  I'm too old.  So this is all about what happened back in April or May?"  McNeil answered in the affirmative.

II.    Discussion

The defendant asserts that the statements made to the law enforcement officials were obtained in direct violation of his Fifth Amendment right against self-incrimination.  Specifically, the defendant contends that his constitutional protections were violated on two bases.  First, the defendant asserts that he was in custody at the time of the statements, triggering the requirement that he be advised of his right not to incriminate himself pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966).[4]  Second, the defendant alleges that both his purported waiver and statements were involuntary.  As related to the voluntariness requirement, the defendant asserts that his statements were not the product of rational intellect, or free will and were not uncoerced.  In response, the government asserts that the defendant was not subject to custodial interrogation, and, therefore, the statements are admissible.

> The Fifth Amendment does not bar the admission of volunteered statements which are freely given.  If a person voluntarily speaks without interrogation by an officer, the Fifth Amendment's protection is not at issue, and the statements are admissible.

*United States v. Muniz*, 1 F.3d 1018, 1022 (10th Cir. 1993) (internal citations omitted).

---

[3]The defendant had a prior encounter on April 28, 2008, where he led law enforcement officials on a car chase.  The law enforcement officials were unable to catch and arrest the defendant on that occasion.

[4]The government concedes that the defendant was in custody and was not informed of his *Miranda* rights.

> The issue of voluntariness is determined by the totality of the circumstances, considering the characteristics of the accused including among other things his or her age or lack of education or intelligence and details of the circumstances like any advice of a person's constitutional rights or the length of detention or prolonged questioning. . . . The test is whether the person's will was overcome, or whether the statement was freely made.

*Id.* (internal citations omitted).

Having heard the evidence presented, the Court finds that the defendant's statements were volunteered and were not the result of interrogation by law enforcement officials. The evidence is undisputed that prior to the defendant making these statements, McNeil had asked him no questions. Further, considering the totality of the circumstances, the Court finds that the defendant's will was not overcome and that his statements were freely made.

Accordingly, the Court finds that defendant's motion to suppress should be denied.

**IT IS SO ORDERED this 13th day of November, 2008.**

*[signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE